[Civ. No. 4023.   Third Appellate District.—March 21, 1930.]

R. ALBERTONI, Respondent, v. MARIANA ALBERTI, Appellant.

T. B. Scott for Appellant.

Hugo McKinley for Respondent.

FINCH, P. J.—The complaint and the answer both allege that in January, 1925, the parties entered into a partnership for the purpose of conducting a general dairying business on the defendant's land. The complaint alleges and the answer, by failing to deny, admits that on January 31, 1927, "by mutual consent of said partners the said partnership was terminated." Both parties prayed for an accounting. An accounting was had and the court found that the plaintiff is entitled to recover from the defendant the sum of $1303.34. Judgment was entered accordingly. The defendant has appealed from the judgment.

The agreement between the parties was oral. The defendant testified that by the terms thereof she was to receive one-half of the gross receipts from the business. The plaintiff and his wife both testified that the parties did not so agree, but that they agreed that the plaintiff and his family and the defendant, who is the plaintiff's mother-in-law, were all "to live together and work together, and whatever money came out of the place we were to take it and help pay off the mortgage, and at the time of her death, . . . she would leave the place to us." The defendant squarely contradicted such testimony. The court evidently did not believe that the terms of the contract were as claimed by either party, but found that "the net profits of said business were to be divided equally between the parties hereto." Neither party attempted to prove any agreement relating to the sharing of profits and losses except as stated. "All applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms." (6 Cal. Jur. 310.) At the time the agreement was entered into section 2403 of the Civil Code read as follows: "In the absence of any agreement on the subject the shares of partners in the profit or loss of the business are equal, and the share of each in the partnership property is the value of his original contribution, increased or diminished by his share of profit or loss." In the absence of an agreement on the subject, this section became one of the terms of the contract between the parties, and the finding in question is in strict accordance therewith. It is not contended that there are any errors in the account between the parties as found by the

court except as based on the defendant's theory that she is entitled to one-half the gross receipts.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1930.